

$150.00

Arthur L. Gutkin, Esquire
Attorney for Plaintiff
918 Fayette Street
PO Box 610
Conshohocken, PA  19428
(610) 828-5205
Attorney I.D. # 12587

FILED
MAR 24 2004
By _____ Dep. Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DIANE SMITH**<br>**1709 MARSHALL STREET**<br>**JEFFERSONVILLE, PA  19403** | :      **CIVIL ACTION** |
|      **v.** | :      **No.** 04cv1273 |
| **GARY KLINE, as Director of the**<br>**Montgomery County  Domestic**<br>**Relations Section and individually**<br>**Montgomery County Courthouse**<br>**PO Box 311**<br>**Norristown, PA  19404-0311** | :      **JURY TRIAL DEMANDED** |
|      **and** | : |
| **RUTH DAMSKER, as Commissioner of**<br>**Montgomery County and individually**<br>**Montgomery County Courthouse**<br>**PO Box 311**<br>**Norristown, PA  19404-0311** | : |
|      **and** | : |
| **MONTGOMERY COUNTY BOARD OF**<br>**COMMISSIONERS**<br>**Montgomery County Courthouse**<br>**PO Box 311**<br>**Norristown, PA  19404-0311** | : |

## COMPLAINT
## PARTIES

1.    Diane Smith, Plaintiff herein, is an adult individual residing at 1709 Marshall Street, Jeffersonville, Montgomery County, Pennsylvania 19403.

2.    Gary Kline, Defendant herein, is an adult individual employed by the County of Montgomery as the Director of the Domestic Relations Section whose office is located at the Montgomery County Courthouse, PO Box 311, Norristown, Montgomery County, Pennsylvania.

3.    Ruth Damsker, Defendant herein, is an adult individual employed by the County of Montgomery as a County Commissioner whose office is located at the Montgomery County Courthouse, PO Box 311, Norristown, Montgomery County, Pennsylvania.

4.    The Montgomery County Board of Commissioners is a duly elected body governing the County of Montgomery and sets policies and procedures within Montgomery County.  The Commissioners' offices are located within the Montgomery County Courthouse, PO Box 311, Norristown, Montgomery County, Pennsylvania.

## JURISDICTION

5.    Plaintiffs bring forth the instant action pursuant to the Civil Rights Act, 42 U.S.C. §1983, 1988 et seq., 28 U.S.C. §1331, and the First, Fourth, Fifth, and Sixth Amendments, as made applicable through the Fourteenth Amendment's Due Process and Equal Protection Clauses of the United States Constitution.

6.    Plaintiff also brings forth this action pursuant to the Hobbs Act, 18 U.S.C. §1951.

7.    Plaintiff brings forth this action alleging violation of the Health Insurance Portability and Accountability Act of 1996, (HIPPA), Public Law 104-191.

8.    This is an action of law to redress the deprivation under color of state law, statute, custom or usage of a right, privilege and immunity secured to Plaintiffs by the Fourteenth

18.    On or about December of 2003, Plaintiff approached Defendant Damsker and provided evidence of Kline's refusal to allow her to collect the outstanding debts.

19.    Plaintiff handed Damsker the whistle blowing policy of Montgomery County.

20.    The day after Plaintiff spoke to Damsker, Plaintiff was demoted.

21.    Plaintiff immediately contacted Damsker who told Plaintiff that she did not intend to have Plaintiff demoted and continued on to say that Plaintiff should seek other employment.

22.    Plaintiff then threatened litigation and the demotion was rescinded.

23.    During this time period of less than two years from December of 2003, Plaintiff was continually harassed by Kline.

24.    Kline's harassment was a direct result of Plaintiff's insistence that Plaintiff be allowed to perform her job duties.

25.    Kline's harassment became overly aggressive when Plaintiff sought permission to seek the funds due to Montgomery County.

26.    Kline demoted Plaintiff as punishment for her insistence to seek to collect the funds due to Montgomery County.

27.    Kline demoted Plaintiff after Plaintiff spoke to Damsker and disclosed Kline's directive not to collect monies due to Montgomery County.

28.    Plaintiff's demotion occurred for two reasons.

29.    Plaintiff's demotion came about as a result of her report to Damsker of Kline's refusal to collect funds due to Montgomery County.

30.    Kline stated that he directed Plaintiff not to collect the monies previously stated as a result of the Sheriff's Department having an insufficient number of deputies to collect those monies.

31.    Plaintiff believes that Kline's explanation was not true but, rather, was an effort to have Plaintiff appear in a bad light.

32.    Plaintiff was also instrumental in pro-union participation for the Domestic Relations Section of Montgomery County.

4

45.     Plaintiff's report to the County Commissioner of the failure of the County to collect the aforesaid fines and costs resulting in her demotion violated her First Amendment Rights.

46.     Plaintiff's pro-union participation efforts and the resultant disciplinary action by her superiors violated her First Amendment Rights.

WHEREFORE, Plaintiff seeks damages against all Defendants in an excess of $100,00.00.

## COUNT II
## VIOLATION OF HOBBS ACT

47.     Plaintiff incorporates paragraphs 1 through 46, inclusive, as though fully set forth herein.

48.     Plaintiff's rights were violated as a result of her lawful union participation.

49.     Plaintiff was being punished for her pro-union participation efforts, which is a violation of the Hobbs Act.

WHEREFORE, Plaintiff seeks damages against all Defendants in an excess of $100,00.00.

## COUNT III
## HIPPA

50.     Plaintiff incorporates paragraphs 1 through 49, inclusive, as though fully set forth herein.

51.     Plaintiff sought psychiatric guidance as a result of her mother's death.

52.     Plaintiff was specifically asked by Kline whether she was under psychiatric care when he learned that Plaintiff visited her mother's gravesite on a regular basis.

53.     Plaintiff replied in the affirmative and requested that Kline does not divulge this information due to its personal nature.

54.     Thereafter, in December, 2003, Kline announced at a staff meeting attended by numerous personnel that Plaintiff was undergoing psychiatric care.

6

55.    Kline did not have any authority or right to disclose that information.

56.    Kline made the aforesaid announcement solely to embarrass and humiliate Plaintiff.

57.    Kline violated the HIPPA regulation with his conduct.

58.    Kline's comment was outrageous, willful and wanton and was not intended for any legitimate purpose.

WHEREFORE, Plaintiff seeks judgment against Kline for the above reasons.

### COUNT IV
### PENDANT CLAIMS
### WHISTLE BLOWER PROTECTION
### PURSUANT TO MONTGOMERY COUNTY, PENNSYLVANIA POLICY, RULES AND PROCEDURES

59.    Plaintiff incorporates paragraphs 1 through 58, inclusive, as though set forth herein.

60.    Plaintiff's rights were violated as a result of her lawful activity.

61.    Plaintiff's rights were violated when she was demoted as a result of her reporting the failure of Montgomery County to charge collect debts due to Montgomery County.

62.    Plaintiff was being punished for her activity as a "Whistle Blower" in violation of her rights guaranteed to her by the Montgomery County, Pennsylvania, "Whistle Act" protection afforded to every county employee.

WHEREFORE, Plaintiff seeks damages against all Defendants in excess of $100,000.00.

### COUNT V

### PENDANT CLAIMS
### HARASSMENT

63.    Plaintiff incorporates paragraphs 1 through 62, inclusive, as though fully set forth herein.

64.    Plaintiff was intimidated and verbally abused as a result of her whistle blowing and union participation.

65.    Plaintiff could not properly administer her duties as a direct result of the Defendants' intimidation and verbal abuse.

WHEREFORE, Plaintiff seeks damages against all Defendants in an excess of $100,000.00.

## DAMAGES

66.    Plaintiff incorporates paragraphs 1 through 65, inclusive, as though fully set forth herein.

67.    Plaintiff seeks damages for each count alleging a violation of her Civil Rights and violation of her constitutionally protected rights in an amount which will compensate her for the damages she suffered.

68.    Plaintiff seeks damages for each pendant claim in an amount in excess of $100,00.00.

69.    Plaintiff seeks punitive damages as a result of Defendant's outrageous and willful conduct.

WHEREFORE, Plaintiff seeks damages in an amount in excess of $100,000.00 for violation of her Civil Rights and damages in an amount in excess of $100,000.00 for each pendent claim as well as attorney's fees, interest and costs for each requested relief set forth herein by Plaintiffs.

Respectfully submitted,

Arthur L. Gutkin, Esquire
Attorney for Plaintiff
918 Fayette Street
PO Box 610
Conshohocken, PA  19428
(610) 828-5205
Atty. I.D. No.  12587

8

Arthur L. Gutkin, Esquire
918 Fayette Street
PO Box 610
Conshohocken, PA 19428
(610) 828-5205
Attorney I.D. # 12587

FILED
MAR 2 4 2004
By _____ Dep. Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DIANE SMITH** : | |
| : | |
| v. : | **No.** 04cv1273 |
| : | |
| **GARY KLINE, as Director of the** : | |
| **Montgomery County  Domestic** : | **JURY TRIAL DEMANDED** |
| **Relations Section and individually** : | |
| **and** : | |
| **RUTH DAMSKER, as Commissioner of** : | **CIVIL ACTION** |
| **Montgomery County and individually** : | |
| **and** : | |
| **MONTGOMERY COUNTY BOARD OF** : | |
| **COMMISSIONERS** : | |

## ENTRY OF APPEARANCE

Please enter my appearance for the Plaintiff, Diane Smith, in the above captioned proceeding.

Date: 2/15/04

Arthur L. Gutkin, Esquire
Attorney for Plaintiff

JS 44
(Rev. 07/89)

**CIVIL COVER SHEET**

UTCU 1273

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**

Diane Smith
1709 Marshall St.
Norristown, PA  19403

**DEFENDANTS**

Gary Kline, Ruth Damsker and
Montgomery County Courthouse
PO Box 311
Norristown, PA  19401

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Montgomery
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   Montgomery
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Arthur L. Gutkin, Esquire
918 Fayette St., PO Box 610
Conshohocken, PA  19428
610-828-5205

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION** (PLACE AN × IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN × IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Plaintiff brings an action alleging violation of her Civil Rights. Specifically, Plaintiff alleges a violation of her constitutional rights as related to whistle blowing and violation of the Hobbs Act.

**V. NATURE OF SUIT** (PLACE AN × IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury— Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Other | | | |

**VI. ORIGIN** (PLACE AN × IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $**

Check YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES   ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE  3/15/04

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

Diane Smith
1709 Marshall St.
Norristown, PA  19403

## DEFENDANTS

Gary Kline, Ruth Damsker and
Montgomery County Courthouse
PO Box 311
Norristown, PA  19401

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __Montgomery__
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT __Montgomery__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Arthur L. Gutkin, Esquire
918 Fayette St., PO Box 610
Conshohocken, PA  19428

610-828-5205

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question
(U S Government Not a Party)

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. CAUSE OF ACTION (CITE THE U S CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE

DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Plaintiff brings an action alleging violation of her Civil Rights. Specifically, Plaintiff alleges a violation of her constitutional rights as related to whistle blowing and violation of the Hobbs Act.

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury— Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran s Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $**

Check YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____  DOCKET NUMBER _____

DATE 3/15/04

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT

04CU1273

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Diane Smith, 1709 Marshall St., Norristown, PA

Address of Defendant: Gary Kline, et al, PO Box 311, Norristown, PA 19404

Place of Accident, incident or Transaction: ___Montgomery County, PA___
*(Use Reverse Side For Additional Space)*

Does this case involve multidistrict litigation possibilities?    Yes ☐   No ☒

*RELATED CASE IF ANY*

Case Number:_____ Judge _____ Date Terminated:_____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes ☐   No ☒

CIVIL: (Place ☒ in *ONE CATEGORY ONLY*)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act—Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases (please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability—Asbestos
9. ☐ All other Diversity Cases (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate category)*

I, _____, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 8, Section 4(a)(2), that, to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $100,000 exclusive of interest and cost;

☐ Relief other than monetary damages is sought.

DATE: ___March 15, 2004___    _____
                              *Attorney-at-Law*

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: ___MArch 15, 2004___    _____
                              *Attorney-at-Law*

CIV. 609
(Rev. 5/89)

## IN TH_ UNITED STATES DISTRICT CO٤ ٢
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

DIANE SMITH                                    :        CIVIL ACTION
                                               :
                    v.                         :
                                               :
GARY KLINE, ET AL                              :        NO. 04cv 1273
                                               :

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)    Habeas Corpus -- Cases brought under 28 U.S.C. §2241 through §2255.                                                          (  )

(b)    Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.                         (  )

(c)    Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 8.                                     (  )

(d)    Asbestos  -- Cases involving claims for personal injury or property damage from exposure to asbestos.                                                            (  )

(e)    Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)          (  )

(f)    Standard Management -- Cases that do not fall into any one of the other tracks.                                              ( ✓ )

MAR 2 4 2004

3/15/04
(Date)

_____
Attorney-at-law

_____
Attorney for Plaintiff

(Civ. 660)
1/92